E-SERVED Baltimore City Circuit Court 9/29/2026 3:52 PM System SystemEnvelope:28486381

E-FILED; Baltimore City Circuit Court
Docket: 9/29/2026 3:52 PM; Submission: 9/29/2026 3:52 PM
Envelope: 28486381

**CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND**
CIVIL DIVISION
111 N. Calvert Street
Baltimore, Maryland 21202
Main: 410-333-3733
Civil: 410-333-3722
Criminal: 410-333-3750
Family: 410-333-3709/3738
Juvenile: 443-263-6300

**To:** MUNICIPAL EMPLOYEES CREDIT UNION OF BALTIMORE, INC.
SERVE ON: THE CORPORATION TRUST INCORPORATED
2405 YORK RD., SUITE 201
LUTHERVILLE TIMONIUM, MD 21093

**Case Number:** C-24-CV-26-006481
**Other Reference Number(s):**
**Child Support Enforcement Number:**

**THOMAS BUTLER VS. MUNICIPAL EMPLOYEES CREDIT UNION OF BALTIMORE, INC.**

Issue Date: 09/29/2026

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

THOMAS BUTLER
3330 Richmond Ave
Baltimore MD 21213

This summons is effective for service only if served within 60 days after the date it is issued.

Xavier A. Conaway
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.
It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

**Circuit Court for Baltimore City**

**Thomas Butler vs. Municipal Employees Credit Union of Baltimore, Inc.Case Number: C-24-CV-26-006481**

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

Circuit Court for Baltimore City

**Thomas Butler vs. Municipal Employees Credit Union of Baltimore, Inc. Case Number: C-24-CV-26-006481**

## SHERIFF'S RETURN
**(please print)**

To: MUNICIPAL EMPLOYEES CREDIT UNION OF BALTIMORE, INC.

______________________ ID# ____________ of the ______________________
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served ______________________________________
Name of person served

on ______________________ at ______________________________
Date of service Location of service

______________________ by ______________________ with the following:
Manner of service

- ☐ Summons
- ☐ Complaint
- ☐ Motions
- ☐ Petition and Show Cause Order
- ☐ Other ______________________ Please specify
- ☐ Counter-Complaint
- ☐ Domestic Case Information Report
- ☐ Financial Statement
- ☐ Interrogatories

(2) Was unable to serve because:

- ☐ Moved left no forwarding address
- ☐ Address not in jurisdiction
- ☐ No such address
- ☐ Other ______________________ Please specify

Sheriff fee: $ ☐ waived by

______________ ______________________________
Date Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:

1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

E-FILED; Baltimore City Circuit Court
Docket: 9/28/2026 3:46 PM; Submission: 9/28/2026 3:46 PM
Envelope: 28440382

IN THE CIRCUIT COURT FOR Baltimore City (CC)
City/County

# CIVIL – NON-DOMESTIC CASE INFORMATION REPORT

## DIRECTIONS

***Plaintiff:*** This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a).
***Defendant:*** You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT CASE NUMBER C-24-CV-26-006481 (Clerk to insert)

**CASE NAME:** Thomas J. Butler (Plaintiff) vs. Municipal Employees Credit Union of Baltimore (Defendant)

PARTY'S NAME: Thomas J. Butler PHONE: (248) 974-8671

PARTY'S ADDRESS: 3330 Richmond Ave. Baltimore, MD 21213-1145

PARTY'S E-MAIL: tjbutler003@gmail.com

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: Joseph Mack PHONE: 443 423-0464

PARTY'S ATTORNEY'S ADDRESS: PO Box 65066 Baltimore, MD 21209

PARTY'S ATTORNEY'S E-MAIL: joseph@macklawonline.com

**JURY DEMAND?** ☒ Yes ☐ No

**RELATED CASE PENDING?** ☐ Yes ☒ No If yes, Case #(s), if known: ____

**ANTICIPATED LENGTH OF TRIAL?:** ____ hours 2 ____ days

## PLEADING TYPE

**New Case:** ☒ Original ☐ Administrative Appeal ☐ Appeal
**Existing Case:** ☐ Post-Judgment ☐ Amendment

***If filing in an existing case,*** skip Case Category/Subcategory section – go to Relief section.

## IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Child Victims Act
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt: ____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☒ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud
☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
 ☐ Commercial
 ☐ Residential
 ☐ Currency or Vehicle
 ☐ Deed of Trust
 ☐ Land Installments
 ☐ Lien
 ☐ Mortgage
 ☐ Right of Redemption
 ☐ Statement Condo
☐ Forfeiture of Property/ Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance
☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☒ Court Costs/Fees
- ☒ Damages-Compensatory
- ☒ Damages-Punitive
- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Financial Exploitation
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☒ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default
- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☒ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment
- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated* ***Liability*** *above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded. ☐ Liability is not conceded, but is not seriously in dispute. ☒ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000 ☐ $10,000 - $30,000 ☐ $30,000 - $100,000 ☒ Over $100,000

☐ Medical Bills $________ ☐ Wage Loss $________ ☐ Property Damages $________

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation ☒ Yes ☐ No
C. Settlement Conference ☒ Yes ☐ No
B. Arbitration ☐ Yes ☒ No
D. Neutral Evaluation ☐ Yes ☒ No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated* ***LENGTH OF TRIAL.***

***(Case will be tracked accordingly)***

- ☐ 1/2 day of trial or less
- ☐ 1 day of trial time
- ☐ 2 days of trial time
- ☐ 3 days of trial time
- ☐ More than 3 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of Defendant's response

☐ **Standard** - Trial within 18 months of Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response

☐ **Standard** - Trial within 18 months of Defendant's response

***IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.***

## CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | |
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ Civil-Short | Trial 210 days from first answer. |
| ☒ Civil-Standard | Trial 360 days from first answer. |
| ☐ Custom | Scheduling order entered by individual judge. |
| ☐ Asbestos | Special scheduling order. |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff ________________. |
| ☐ Tax Sale Foreclosures | Special scheduling order. |
| ☐ Mortgage Foreclosures | No scheduling order. |

## CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

9/23/2026
Date

/s/ Joseph Mack — 0512140218
Signature of Attorney/Party — Attorney Number

PO Box 65066
Street Address

Jospeh Mack
Printed Name

Baltimore — MD — 21209
City — State — Zip Code

joseph@macklawonline.com
E-mail

E-FILED; Baltimore City Circuit Court
Docket: 9/28/2026 3:46 PM; Submission: 9/28/2026 3:46 PM
Envelope: 28440382

| | |
|---|---|
| THOMAS J. BUTLER III<br>3330 Richmond Ave.<br>Baltimore, MD 21213-1145,<br><br>Plaintiff,<br><br>vs.<br><br>MUNICIPAL EMPLOYEES CREDIT UNION OF BALTIMORE, INC.<br>One South Street<br>Baltimore, MD 21202<br>Serve on:<br>The Corporation Trust Incorporated<br>2405 York Rd., Suite 201<br>Lutherville Timonium, MD 21093<br><br>Defendant. | IN THE<br><br>CIRCUIT COURT<br><br>FOR<br><br>BALTIMORE CITY<br><br>Case No.:<br><br>C-24-CV-26-006481 |

**COMPLAINT, PRAYER FOR JURY TRIAL AND NOTICE REGARDING ATTORNEYS' FEES**

Thomas J. Butler, Plaintiff, by his attorneys, Joseph S. Mack and Ingmar Goldson, sues the above-named Defendant and states as follows:

**INTRODUCTORY STATEMENT**

1. A credit card issued by Defendant Municipal Employees Credit Union of Baltimore, Inc. ("MECU") to Plaintiff was stolen and used without Plaintiff's permission. Defendant MECU has recognized on multiple occasions that Plaintiff was not responsible for any of the charges on the card and does not owe anything on the card, yet has continued to report a false debt on the card to national consumer reporting agencies, who in turn report the false debt to others. Plaintiff disputed this false reporting on multiple occasions, triggering a requirement under the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§

1681 *et seq.*, for Defendant MECU to conduct reasonable investigations into whether Plaintiff owed the alleged debt, which it failed to do. Instead, it left the derogatory information on Plaintiff's credit reports to damage his credit and financial reputation. This lawsuit follows as Plaintiff's only avenue to remove this false information from his credit reports and stop his ongoing damages.

**PARTIES**

2. Plaintiff Thomas J. Butler III is a natural person and resident of Baltimore City, Maryland.

3. Defendant MECU is a Maryland corporation with its principal place of business in Baltimore City and is a furnisher as defined in the FCRA.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action pursuant to Md. Code, § 1-501 of the Courts and Judicial Proceedings Article.

5. This Court has jurisdiction over Defendants pursuant to Md. Code, § 6-103(b)(3) of the Courts and Judicial Proceedings Article.

6. Venue is appropriate in this Court pursuant to Md. Code, § 6-201 of the Courts and Judicial Proceedings Article.

**FACTS COMMON TO ALL COUNTS**

7. In 2023, a credit card issued to Plaintiff without his knowledge by Defendant MECU was either stolen out of Plaintiff's mailbox or otherwise intercepted by an unknown third party. That unknown third party charged several thousands of dollars to the credit card without Plaintiff's knowledge or consent.

8. When he realized that the fraudulent activity had occurred, Plaintiff worked with Defendant MECU's fraud department, and ultimately Defendant MECU correctly agreed that Plaintiff had no liability on the account and that all of the fraudulent charges were not his responsibility.

9. That process took some time, and Defendant MECU continued to assess financing charges against Plaintiff in the meantime while it investigated the matter. Bizarrely, when Defendant MECU concluded that Plaintiff was not responsible for the fraudulent activity on the card and that the charges should be reversed, Defendant MECU reversed the fraudulent charges, but not $402 in financing charges on those fraudulent charges.

10. In subsequent phone calls with Plaintiff, Defendant MECU agreed that he did not owe the $402 in financing charges because he was not responsible for the fraudulent activity on the card, and Defendant MECU stopped sending Plaintiff statements reflecting any balance.

11. Yet instead of eliminating the incorrect balance, Defendant MECU started reporting to Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and TransUnion LLC ("TransUnion and, together with Experian and Equifax, the "CRAs") that Plaintiff owed $402 that had been charged off, resulting in an approximately 100-point drop in Plaintiff's credit scores.

12. On multiple occasions, Plaintiff has disputed the false information in writing to the CRAs, and each time the CRAs reached out to Defendant MECU asking whether Plaintiff owed the amounts, with each time Defendant MECU falsely stating that he did, even while

Defendant MECU acknowledged to Plaintiff that he shouldn't owe anything on the account.

13. Most recently, on November 21, 2025, Plaintiff mailed each of the CRAs a letter reading in relevant part:

> I am writing to dispute the following information that appears on my [ ] consumer report
>
> There is an entry from "MUNICIPLES EMPLOYEES CR" for Account Number [redacted] showing a charge-off of $402. This stems from charges made by someone who intercepted a MECU card and made unauthorized charges on it. I have worked with MECU over a long time to get them to take those unauthorized charges off my account, which eventually they did, and at this point they have told me that I don't, and shouldn't have ever owed anything on that card. It is my understanding that this reporting of the $402.00 is from late fees for missed payments on those unauthorized charges which, because I wasn't responsible for those unauthorized charges, also were not my responsibility and should be removed from my report.
>
> What You Can Do To Investigate This Dispute:
>
> 1. Please ask MECU to explain what the charges are and why I am being charged this when MECU has already agreed that the use of the card was unauthorized and that I don't owe anything from the use of the card.
> 2. If you need any more documents or information please contact me.
>
> Please remove this false reporting from my credit reports.
>
> Thank you for your assistance.

14. The CRAs each received Plaintiff's November 21, 2025 dispute letters and, in accordance with their duty under the FCRA, the CRAs each sent the disputes to the furnisher, Defendant MECU.

15. Defendant MECU failed to conduct reasonable investigations into Plaintiff's dispute letters, failing to investigate Plaintiff's explanation that the alleged charges were on an account for which he had no financial responsibility and failing to investigate whether Defendant MECU had already acknowledged to Plaintiff that he did not owe the amount stated. As a result of the failure to conduct a reasonable investigation, the trade line was not removed and the CRAs continue to report a false delinquent debt. That false reporting continues to place Plaintiff's reputation in a false light because others have access to the false information.

16. After Plaintiff experienced the decline in his credit standing, and realized Defendant MECU would continue to report the false derogatory information about him even after he disputed the trade line, Plaintiff experienced bouts of emotional distress that included worry, fear, discouragement, loss of sleep, and other physical manifestations.

17. Since Plaintiff saw that his credit report had a false and inaccurate delinquency on it, he largely refrained from applying for credit which he otherwise would have applied for but for the false MECU delinquency.

18. The CRAs have published the false MECU delinquency to third parties after the CRAs denied Plaintiff's November 21, 2025 dispute letters, including when Plaintiff applied for a credit card in April of 2026. Moreover, the false MECU delinquency has had a significant and continuing negative impact on Plaintiff's credit scores, causing his scores to drop by dozens of points based on reports from each of the CRAs.

19. Plaintiff was left with no other recourse than to file the instant lawsuit.

**COUNT ONE**
**(FCRA - 15 U.S.C. § 1681s-2(b))**

20. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

21. The FCRA requires that a furnisher such as Defendant MECU, after receiving notice from a consumer reporting agency that a consumer disputes information that is being reported by that furnisher, conduct a reasonable investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the consumer reporting agency, and, if the investigation reveals that the information is incomplete, inaccurate or cannot be verified, to report those results to all other consumer reporting agencies to which the furnisher has provided the inaccurate information.

22. Plaintiff disputed the false information regarding his responsibility for the alleged balance with the CRAs.

23. Pursuant to the FCRA, the CRAs each sent Plaintiff's disputes to the furnisher of the false information: Defendant MECU.

24. Even after Plaintiff's disputes, which explained why he did not owe the debt, Defendant MECU continued to report the inaccurate delinquency on Plaintiff's credit reports.

25. Indeed, Defendant MECU continues to report that Plaintiff owes the alleged debt to the CRAs.

26. 15 U.S.C. § 1681s-2 prohibits furnishers from reporting inaccurate information, and sets forth the furnisher's duty to investigate the completeness and accuracy of the information reported when the furnisher receives a dispute from a consumer.

27. After receiving notice by the CRAs, as required by the FCRA, Defendant MECU engaged in conduct that violates 15 U.S.C. § 1681s-2(b), by:

a. Willfully failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. Willfully failing to report the results of investigations to the CRAs;

c. Willfully failing to report an accurate status of the inaccurate information to the CRAs;

d. Willfully failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Plaintiff;

e. Willfully continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the CRAs; and

f. Willfully failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2 (b).

28. In the alternative, the above-described violations were negligent.

29. Defendant MECU's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages, and harm to Plaintiff that are described above.

**COUNT TWO**
(Maryland Consumer Debt Collection Act)

30. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

31. The Maryland Consumer Debt Collection Act, MD. CODE ANN., COMM. LAW § 14-201 *et seq.* (the "MCDCA"), prohibits "collecting or attempting to collect an alleged debt" by "[c]laim, attempt, or threat[] to enforce a right with knowledge that the right does not exist." MD. CODE ANN., COMM. LAW § 14-202(8).

32. The MCDCA also prohibits companies like Defendant MECU from disclosing or threatening to disclose "information which affects the debtor's reputation for credit worthiness with knowledge that the information is false." MD. CODE ANN., COMM. LAW § 14-202(3).

33. The MCDCA also prohibits any conduct that violates the Fair Debt Collection Practices Act. MD. CODE ANN., COMM. LAW § 14-202(11). By pursuing the false debt, Defendants engaged in conduct that violate 15 USCA §§ 1692e and 1692f.

34. Defendant MECU sent collections letters to Plaintiff falsely claiming that he owed it money even after acknowledging that Plaintiff was not responsible for the charges on the account. At all times relevant to the Complaint, there was no basis whatsoever for Defendant MECU to attempt to collect such debt from Plaintiff.

35. By attempting to collect the debt while Plaintiff clearly did not owe the money they were attempting to collect, Defendant MECU violated the MCDCA by claiming, attempting, and threatening rights with knowledge that the rights did not exist.

36. Defendant MECU also threatened to disclose information which affects the Plaintiff's reputation for credit worthiness with knowledge that the information is false.

37. Defendants also engaged in activities that are prohibited by the FDCPA when it attempted to collect the alleged debt that he did not owe. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from false representation of the character, amount, or legal status of any debt.

38. As a direct and proximate result of the defendants' actions, Plaintiff suffered actual damages including emotional distress with physical manifestations.

**COUNT THREE**
(Maryland Consumer Protection Act)

39. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 and 30 through 38 as if fully set forth herein.

40. The debt collecting and reporting activities in which Defendant MECU engaged, as set forth herein, are governed by the Maryland Consumer Protection Act, MD. CODE ANN., COMM. LAW § 13-101, *et seq.* (the "MCPA").

41. Section 13-303 prohibits unfair or deceptive trade practices in the extension of consumer credit or collection of consumer debts.

42. A violation of the MCDCA is also a violation of the MCPA. MD. CODE ANN., COMM. LAW § 13-301(14)(iii).

43. As a direct and proximate result of the actions of Defendant MECU, Plaintiff suffered actual damages including emotional distress with physical manifestations.

WHEREFORE, Plaintiff demands the following relief:

A. That this Court award Plaintiff compensatory damages against Defendant MECU in the amount to be determined at trial, but no less than $75,000.00;

B. That this Court award Plaintiff punitive damages against Defendant MECU in the amount to be determined at trial, but no less than $75,000.00;

C. That this Court award to Plaintiff his reasonable attorneys' fees against Defendant MECU; and

D. That this Court award to Plaintiff the costs of these proceedings, and such other and further relief as this Court may deem appropriate under the circumstances.

Respectfully submitted,

/s/ Joseph S. Mack
Joseph S. Mack (AIS No. 0512140218)
The Law Offices of Joseph S. Mack
PO Box 65066
Baltimore, MD 21209
Phone: 443-423-0464
E-mail: joseph@macklawonline.com

/s/ Ingmar Goldson
Ingmar Goldson (AIS No. 1212110336)
The Goldson Law Office
One Research Court, Suite 450
Rockville, MD 20850
Tel. (240) 780-8829
E-mail: igoldson@goldsonlawoffice.com

*Attorneys for Plaintiff*

| | |
|---|---|
| THOMAS J. BUTLER III,<br><br>Plaintiff,<br><br>vs.<br><br>MUNICIPAL EMPLOYEES CREDIT UNION OF BALTIMORE, INC.,<br><br>Defendants. | IN THE<br><br>CIRCUIT COURT<br><br>FOR<br><br>BALTIMORE CITY<br><br>Case No.: |

**Prayer For Jury Trial**

Pursuant to MD. RULE 2-325, Plaintiff hereby elects to have his case tried before a jury.

Respectfully submitted,

/s/ Joseph S. Mack
Joseph S. Mack (AIS No. 0512140218)
The Law Offices of Joseph S. Mack
PO Box 65066
Baltimore, MD 21209
Phone: 443-423-0464
E-mail: joseph@macklawonline.com

*Attorney for Plaintiff*

| | |
|---|---|
| THOMAS J. BUTLER III,<br><br>Plaintiff,<br><br>vs.<br><br>MUNICIPAL EMPLOYEES CREDIT UNION OF BALTIMORE, INC.,<br><br>Defendants. | IN THE<br><br>CIRCUIT COURT<br><br>FOR<br><br>BALTIMORE CITY<br><br>Case No.: |

**Notice Regarding Attorneys' Fees**

Pursuant to MD. RULE 2-703, Plaintiff hereby respectfully notifies the Court and all Parties that claims being advanced by Plaintiff in this Complaint are subject to statutory fee-shifting to a prevailing plaintiff. In the event that Plaintiff prevails in this matter, Plaintiff intends to seek attorneys' fees from Defendants, which are anticipated to be substantial and could potentially even exceed the damages awarded to Plaintiff.

Respectfully submitted,

/s/ Joseph S. Mack

Joseph S. Mack (AIS No. 0512140218)
The Law Offices of Joseph S. Mack
PO Box 65066
Baltimore, MD 21209
Phone: 443-423-0464
E-mail: joseph@macklawonline.com

*Attorney for Plaintiff*